**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4597**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

DERRICK OWENS,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:13-cr-00019-FDW-5)

─────────────

Submitted:  March 12, 2015        Decided:  March 16, 2015

─────────────

Before GREGORY, DIAZ, and HARRIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Eric A. Bach, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Owens appeals the district court's criminal judgment sentencing him to thirty months' imprisonment for conspiring to possess with the intent to distribute one or more controlled substances, in violation of 21 U.S.C. §§ 841(a)(1). 846 (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), Owens's counsel filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the district court imposed an unreasonable sentence. Although advised of his right to do so, Owens did not file a pro se supplemental brief. We affirm.

We review Owens's sentence for reasonableness using an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error," including "improperly calculating[] the [Sentencing] Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

If we find no procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary" to satisfy the goals of sentencing. See § 3553(a). We presume on appeal

2

that a sentence within a properly calculated Guidelines range is reasonable. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). The appellant bears the burden to rebut the presumption by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." Id.

Owens received an adequate, individualized explanation of his properly calculated, within-Guidelines sentence. Our review of the record leads us to conclude that his sentence was neither procedurally nor substantively unreasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Owens, in writing, of his right to petition the Supreme Court of the United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Owens.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED